THE STATE OF OHIO, APPELLANT, *v.* FINCH, APPELLEE.

(No. CA84-08-008 — Decided March 25, 1985.)

*Robert A. Corbin,* assistant prosecuting attorney, for appellant.

*Michael P. Kelly,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the County Court of Brown County, Ohio.

On May 22, 1984, in Brown County, Ohio, Ranger Natalie Jones of the Lake Waynoka Rangers was informed by one Mickey Bevington that an altercation between three persons, including appellee, Gary R. Finch, was taking place at the Lake Waynoka campground. Jones requested that Bevington show her the exact location of the altercation, and Bevington thereafter drove his vehicle toward the camping area while Jones followed him in her vehicle. As they approached the campground Bevington noticed appellee driving away from the scene, and indicated the same to Jones by pointing at the vehicle being operated by appellee. Ranger Jones then instructed appellee to pull to the side of the road, which appellee did after turning his vehicle around so that it faced the camping area.

The windows of appellee's vehicle were open, and as Jones approached the vehicle she detected a strong odor of alcohol. Observing appellee from a distance of approximately twelve inches, Jones noticed that he exhibited many of

the characteristics of someone who had been drinking heavily: bloodshot eyes, flushed face, and slurred speech. At this point, Jones reached into appellee's vehicle and took the keys out of the ignition, and directed appellee to exit his vehicle and get into her cruiser. Jones stated that appellee fell to the ground as he attempted to exit his vehicle, and became very uncooperative and verbally abusive toward her. Appellee was then transported to a nearby state patrol office for the purpose of administering a breathalyzer test.

Appellee was subsequently charged with driving while under the influence of alcohol per R.C. 4511.19 and with disorderly conduct per R.C. 2917.11. On June 29, 1984, appellee, through his counsel, made a motion to suppress all evidence accruing as a result of his arrest on the ground that there was no probable cause for the arrest. After a hearing before the Brown County Court held on July 30, 1984, the court found appellee's motion to be well-taken, and in a judgment entry filed August 23, 1984, ordered that all evidence accruing to the state of Ohio subsequent to the removal of appellee's keys be suppressed.

Having timely filed a notice of appeal to this court, and having stated that the instant appeal is not being pursued for the purpose of delay, but because the above ruling has rendered proof with respect to the pending charges against appellee so weak as to preclude any reasonable possibility of prosecution, the state of Ohio presents the following assignment of error for our consideration:

"The trial court erred in granting defendant-appellee's motion to supress all evidence accruing to the state of Ohio subsequent to the removal of the car keys to the vehicle being operated by the defendant."

In order to determine whether there was probable cause for appellee's arrest, we must first, of necessity, determine when the arrest took place. The transcript of the hearing on appellee's motion reveals that Ranger Jones never told appellee that he was under arrest in so many words, but that she did take the keys to the vehicle being driven by appellee after approaching the vehicle and observing certain indicia of drunkenness. At the time his keys were confiscated, appellee was still seated behind the wheel of his vehicle.

The point when an investigatory "stop" turns into an arrest depends on the circumstances of the particular case. See *United States* v. *White* (C.A.D.C. 1981), 648 F.2d 29. "An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." *State* v. *Darrah* (1980), 64 Ohio St. 2d 22, 26 [18 O.O.3d 193].

Application of the elements above to the facts before us reveals that Jones effectively placed appellee under arrest when she took the keys to his vehicle. Jones' testimony at the suppression hearing indicates that at the time she took the keys she was satisfied that appellee was operating a vehicle while legally intoxicated and had no intention of permitting him to drive away. Jones' actions were performed as an extension of her authority as a Lake Waynoka Ranger. Once the keys were taken, there can be little question that appellee was being prevented from leaving the scene of the stop. The record is silent as to appellee's feelings with regard to his ability to leave, but we have little doubt that under the circumstances a reasonable person would feel that he or she was being taken into custody.

The question now squarely before us is whether there was probable cause to arrest appellee for driving under the influence of alcohol when Ranger Jones placed him under arrest by removing the keys from his vehicle. Jones had proba-

ble cause for the arrest if the facts and circumstances within her knowledge were sufficient to cause a prudent person to believe that appellee had committed the offense. See *State* v. *Heston* (1972), 29 Ohio St. 2d 152 [58 O.O.2d 349], certiorari denied (1972), 409 U.S. 1038.

The court below placed great weight upon the fact that Jones did not actually witness any erratic driving by appellee prior to making the arrest. It is, of course, the general rule in Ohio that a misdemeanor must be committed in the presence of a law enforcement officer before the officer may make a warrantless arrest based on the misdemeanor. See *State* v. *Allen* (1981), 2 Ohio App. 3d 441; R.C. 2935.03. However, in *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O.2d 496], the Ohio Supreme Court held that it was not necessary for an arresting officer to actually witness "bad driving" in order to effect an arrest for driving under the influence of alcohol, which is a first degree misdemeanor per R.C. 4511.99(A), when the officer arrived shortly after an automobile accident, and the defendant appeared intoxicated and admitted operating the vehicle. Subsequent cases have in effect adopted an "all facts and circumstances" approach to drunken driving arrests. See *Allen, supra; State* v. *Ferguson* (App. 1977), 5 O.O. 3d 416; *Atwell* v. *State* (1973), 35 Ohio App. 2d 221 [64 O.O.2d 342]. Thus, it is possible to have a valid arrest for driving under the influence of alcohol even though the arresting officer has not actually observed the arrestee operating a vehicle in an erratic or unsafe manner.

However, in all of the cases cited in the preceding paragraph, the facts which support the arrest for driving under the influence are much more convincing than the facts of the case now before us. In each of the above cases, the drinking driver either caused an accident or was involved in one. In all but one of these cases, the arresting officers stated that they observed stumbling or difficulty in walking on the part of the arrestee, or that the arrestee failed field sobriety tests. (In *Oregon, supra,* which is the single case cited above in which this did not occur, the defendant was found seated behind the wheel of his damaged vehicle.)

These factual differences suggest that we must overrule the assignment of error now before us. In the case at bar, there is no evidence that the officer witnessed any impaired motor coordination on the part of appellee, and it is not a violation of the law to drive smelling of alcohol, or with bloodshot eyes, a flushed face, or slurred speech. In other words, merely *appearing* to be too drunk to drive is not, in our opinion, enough to constitute probable cause for arrest. Had Ranger Jones instructed appellee to perform field sobriety tests prior to placing him under arrest, and had appellee failed the tests, she would have had reasonable grounds to believe that he was operating the vehicle while under the influence of alcohol, at which time she would have had probable cause to arrest appellee. The record as it stands, however, indicates that the arrest at issue was premature.

Accordingly, appellant's assignment of error is not well-taken, and appellee's motion to suppress was properly granted below.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.