### State v. Hughart
### Case No. 88CA21
### Gallia County (4th)
### Decided February 23, 1990
[Cite as 1 AOA 178]

*Counsel for Appellant; David T. Evans, 456 Second Avenue, Gallipolis, Ohio 45631,*

*Counsel for Appellee; Douglas M. Cowles, City Solicitor, 26, Locust Street, Gallipolis, Ohio 45631.*

GREY J.

This is an appeal from a judgment of the Gallipolis Municipal Court finding Steven Hughart guilty of driving under the influence in violation of R.C. 4511.19. We reverse.

The record reveals the following facts. On July 10, 1988 members of the Gallia County Sheriff's Department stopped Hughart in the Holiday Inn parking lot. Hughart was arrested for menacing certain persons at the Holiday Inn. Hughart was taken to the Gallia County Jail. While there, without performing any prior sobriety tests on Hughart, Sergeant Mullins requested that Hughart produce a urine sample for chemical testing. Hughart produced the sample. He was then arrested for driving under the influence. The following day Hughart was charged with driving under the influence, menacing, and driving under suspension. Hughart pleaded not guilty to all three charges.

On July 20, 1988 Hughart filed a Motion to Dismiss the DUI charge because no probable cause existed to arrest Hughart on that charge. After a hearing on the matter, the trial court overruled Hughart's motion.

Hughart then filed a Motion to Suppress the results of the urine test because no probable cause existed for his arrest or for the urine sample to be taken. Upon agreement of the parties, the evidence presented at the hearing on Hughart's motion to dismiss would be considered as evidence by the trial court in ruling on Hughart's Motion to Suppress. On November 15, 1988 the trial court overruled Hughart's Motion to Suppress. On November 18, 1988, Hughart pleaded no contest to the DUI charge reserving the right to appeal the trial court's ruling on his Motion to Suppress. The menacing and suspension charges were dismissed. Hughart appeals and assigns one error.

"The trial court erred in overruling the defendant/ appellant's motion to suppress evidence, to-wit: a urine sample, since no probable cause existed prior to the taking of said sample, nor was it present prior to the arrest of the defendant/appellant."

At issue here is whether there was probable cause to arrest Hughart for DUI prior to the taking of a urine sample. We believe that there was not.

In a case with facts closely parallel to the facts here, the Twelfth District Court of Appeals held that there was no probable cause to arrest the defendant on an OMVI charge. In *State* v. *Finch* (1985), 24 Ohio App. 3d 38, Finch was initially stopped for being involved in a fight, reported by a third party, which resulted in a disorderly conduct charge. When the arresting officer stopped Finch she noticed that Finch had bloodshot eyes, slurred speech and a flushed face. The arresting officer observed no erratic or unsafe driving on Finch's part. Further, the arresting officer failed to administer any field sobriety tests prior to arresting Finch for OMVI. Finch filed a Motion to Suppress all evidence resulting from his arrest on the ground that there was no probable cause for the arrest. In sustaining the ruling of the trial court granting Finch's motion, the Twelfth District Court of Appeals held:

"In the case at bar, there is no evidence that the officer witnessed any impaired motor co-ordination on the part of appellee, and it is not a violation of the law to drive smelling alcohol, or with bloodshot eyes, a flushed face, or slurred speech. In other words, merely *appearing* to be too drunk to drive is not, in our opinion, enough to constitute probable cause for arrest. Had Ranger Jones instructed appellee to perform field sobriety tests prior to placing him under arrest, and had appellee failed the tests, she would have had reasonable grounds to believe that he was operating the vehicle while under the influence of alcohol, at which time she would have had probable cause to arrest appellee. The record as it stands, however, indicates that the arrest at issue was premature."

We find the reasoning of the Twelfth District to be most persuasive. Here, there is no evidence in the record that Hughart's driving was either erratic or unsafe. Sergeant Mullins performed no field sobriety tests on Hughart, and the request for a urine sample was no more than an afterthought. Here, as in *Finch, supra,* Sergeant Mullins had no probable cause to arrest Hughart for DUI. The trial court erred in failing to grant Hughart's Motion to Suppress. Hughart's assignment of error is well taken and is sustained.

It is ordered that (appellant-appellee) recover of (appellant-appellee) his costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the *Gallipolis Municipal* Court to carry this judgment into execution.

Any Stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.

### JUDGMENT REVERSED

ABELE, P.J. Concurs in Judgment & Opinion.
HARSHA, J. Concurs in Judgment only.