■
## Aurora v. Hennessey
*[Cite as 6 AOA 346]*

Case No. 89-P-2089
Portage County (11th)
Decided August 3, 1990.

■

John J. Sheehan, Jr., 422 Hanna Building, 1422 Euclid Avenue, Cleveland, Ohio 44115-1967 for defendant-appellant.

David M. Benjamin, Aurora City Prosecutor, 409 South Prospect Street, Ravenna, Ohio 44226, for plaintiff-appellee.

MAHONEY, J.

On February 23, 1989, between approximately 11:00 p.m. and 11:45 p.m., Mark Swiger was on his way home, driving down South Bissell Road in Aurora, Ohio. As he reached the top of a rise in the road, he observed the top side of a car travelling in front of him go into a ditch over a mound of dirt. He stopped to assist. Appellant, Robert J. Hennessey, who was exiting the vehicle, asked him to help push the car. They tried pushing the car but were unsuccessful because one wheel was off the ground. After determining that the car could not be removed, Mr. Swiger offered to take the appellant somewhere for help. Mr. Swiger dropped the appellant off at Dairy Mart and proceeded to the police station to inform them of the circumstances.

Officer Bradley Davis was dispatched to the Dairy Mart, the appellant's location, while Officer Baldwin was dispatched to the car's location. Upon arriving at the Dairy Mart, Officer Davis observed the appellant leaning on the sales counter, "wrapped up in the telephone cord, making phone calls, red faced, glassy eyed, talking loudly into the telephone." When he approached closer to the appellant, Officer Davis smelled an aroma of alcoholic beverage about appellant's person.

After appellant finished his phone conversation, Officer Davis asked him for some identification and the whereabouts of his car. According to Officer Davis, the appellant stated that his car was in a ditch and he was trying to get some help to get it out of there. Appellant stated that he drove it there and that it missed the curve. Officer Davis testified that the appellant admitted drinking and that it was his opinion that appellant was under the influence of alcohol and not fit to drive. Appellant had not been advised of his Miranda rights prior to making the alleged foregoing statements and admissions.

Officer Davis overheard a transmission between Officer Baldwin, who was at the scene, and the dispatcher wherein appellant was identified as the owner of the vehicle. Officer Davis did not administer any field sobriety tests, did not visit the scene, and did not observe the appellant driving under the influence. Based on the radio transmission which identified the appellant as owner of the vehicle in the ditch, observations of appellant's physical condition and appellant's statements/admissions, Officer Davis placed the appellant under arrest.

Officer Davis took the appellant to the police station for processing. At the station, he gave the appellant the Miranda warnings and then administered a breathalyzer test. The result of the breathalyzer was .166, with .10 being the legal limit.

Appellant was charged with driving under the influence of alcohol, in violation of Aurora Ordinance 333.01(A)(1); operating a motor vehicle with a concentration of .10 grams or more by weight of alcohol per 200 liters of breath, in

violation of Aurora Ordinance 333.01(A)(3); and failure to control a motor vehicle, in violation of Aurora Ordinance 331.34.

Appellant filed a motion to suppress and/or dismiss which was set for hearing and overruled on June 7, 1989. Appellant then withdrew his not guilty plea and entered a plea of no contest to the 333.01(A)(3) charge. The city dismissed the other two charges. The trial court found appellant guilty and sentenced him to a fine of $350, plus costs, and seven days in jail. Further, the court suspended appellant's license for sixty days, granting limited driving privileges to and from work; suspended $200 of the fine; and suspended all seven days in jail conditioned upon attendance at DWI school for seventy-two hours, which would count as mandatory three days in jail. This sentence was stayed pending appeal.

Appellant now brings this timely appeal, assigning the following errors:

"1. It was prejudicial error for the trial court to deny the defendant's motion to suppress any statements made to police officer and any results of tests administered to defendant and dismiss the criminal complaint based upon then (sic) for lack of probable cause in violation of defendant's Fourth and Fourteenth Amendment rights.

"2. It was prejudicial error for the trial court to deny defendant's motion to suppress the physical tests conducted in violation of defendant's Fourth and Fourteenth Amendment rights."

In the first assignment of error, appellant contends that the trial court erred in overruling his motion to suppress and erred in not dismissing the criminal complaint. Appellant argues that his warrantless arrest for driving while intoxicated was made without probable cause and in violation of R.C. 2935.03(A), which requires the arresting officer to view the misdemeanor violation, because Officer Davis did not view the driving. Appellant further submits that the officer cannot rely on hearsay as a basis for the misdemeanor arrest.

Appellant's arguments have merit.

The view requirement of R.C. 2935.03 is the general rule in Ohio. However, the Ohio Supreme Court in *Oregon v. Szakovits* (1972), 32 Ohio St.2d 271, has carved out an exception to this statutory requirement. The court held that under certain circumstances, a warrantless arrest for operating a motor vehicle while under the influence of alcohol may be made even though the officer had not viewed the commission of the offense. The court recognized that:

"'Chronology is an important element in "drunken driving" cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating a vehicle ***.

"'Generally, each "drunken driving" case is to be decided on its own particular and peculiar facts *** '." *Id.* at 273, citing *Mentor v. Giordano* (1967), 9 Ohio St.2d 140, 146.

Applying these principles, the Oregon court found probable cause. "The facts in each of the instant cases show that an accident occurred on a public street and that both appellants were injured. While at the scene, both voluntarily admitted to driving the vehicles. There was no question of appellants being visibly under the influence of alcohol.

"After viewing the scene of the accident, and hearing appellants' admissions on a first-hand basis, the officers could reasonably conclude that each had been operating his vehicle shortly before the officers arrived. Coupled with the fact that appellants were obviously under the influence, the officers properly found each to have been violating an ordinance of the respective municipal corporations prohibiting driving while under the influence of alcohol. *** " *Id.* at 273-274.

Subsequent cases have adopted an "all facts and circumstances" approach to drunken driving arrests. *State v. Finch* (1985), 24 Ohio App.3d 38, 40. See, also, *State v. Tate* (1987), 40 Ohio App.3d 186, 187; *State v. McKivigan* (Jan. 27, 1989), Portage App. No. 1905, unreported; *State v. Henderson* (Jan. 13, 1989), Geauga App. No. 1455, unreported.

In *State v. Finch, supra,* paragraph two of the syllabus, the court held:

"Where a police officer had not observed the arrestee driving in an erratic or unsafe manner, had not witnessed impaired motor coordination, and had not instructed the arrestee to perform field sobriety tests, the officer did not have probable cause to arrest the driver for violation of R.C. 4511.19; i.e., the mere appearance of drunkenness (bloodshot eyes, slurred speech, the odor of alcohol) is not sufficient to constitute probable cause for arrest for driving under the influence."

In the case *sub judice*, Officer Davis did not observe appellant driving in an erratic or unsafe manner, did not witness impaired motor coordination, and did not have appellant perform field sobriety tests.

Appellee argues that Officer Davis had probable cause because he had sufficient information from reasonably trustworthy sources, i.e., Mr. Swiger's report to the dispatcher that there was an accident and the driver was transported to the Dairy Mart, the radio conversation between the officer at the scene and the dispatcher regarding the ownership of the vehicle, and the appellant's own confirmation of the foregoing.

Appellee's argument is not persuasive. There is no evidence that Officer Davis knew any of the details of Mr. Swiger's report. In fact, Officer Davis testified that he was in the back lot of the police station preparing his unit when he was dispatched to the Dairy Mart. More importantly, there has been no "trustworthy hearsay" exception as a basis for a misdemeanor arrest when the offense is not committed in the presence of the arresting officer.

In *State v. Henderson, supra,* this court rejected a "trustworthy hearsay" argument, stating:

" *** While the appellee is correct that *Oregon v. Szakovits* (1972), 32 Ohio St.2d 271, has created an exception to the statutory requirement that the officer must observe the offense to effectuate a warrantless arrest, this writer finds nothing in recent case law that overturns the rationale expressed in *State v. Lewis* (1893), 50 Ohio St. 179, or *State v. Stacy* (1983), 9 Ohio App.3d 55, which negated hearsay as a basis for a misdemeanor arrest not committed in the presence of the arresting officer.

"'*** [i]f all the information the officer had of the affray and of the parties to it, was the statements of by-standers who witnessed it, he has no authority in law to pursue and arrest the persons charged with the offense without first obtaining a legal warrant therefor.' *Lewis, supra,* at the syllabus.

"Further, the *Stacy* court held in the first paragraph of the syllabus:

"'Read in conjunction with R.C. 2935.03(B), (C) and (D) and R.C. 2935.04, R.C. 2935.03(A) prohibits an officer from arresting a person for a misdemeanor offense on the basis of hearsay evidence alone unless such offense involves violence, domestic violence, theft or illegal drugs.'

" ***

"However, the Oregon decision and its progeny have not added the element of 'trustworthy hearsay' to the judicially ingrained, exception to R.C. 2935.03, which states the prerequisite for a misdemeanor arrest and which still requires that the offender commit the offense in the presence of the officer before a lawful warrantless arrest can be effectuated. Subsection (B) of R.C. 2935.03 states the statutory exceptions to this rule, and it is equally clear that driving under the influence is not one of those stated exceptions. *** " *State v. Henderson, supra,* at 6-8.

Unlike the facts in *Oregon* and other cases which supported probable cause for the arrest, the facts in the instant case do not support a finding of probable cause. The arresting officer never viewed the scene of the accident and did not find the appellant at or near the car but at a Dairy Mart. Thus, the relationship of events between the time appellant operated the vehicle and the time there was evidence of intoxication had not been established. Officer Davis had no way of knowing when appellant became intoxicated. For all he knew, appellant could have driven the car onto the mound of dirt and then gone to a bar for a few drinks. Moreover, Officer Davis did not perform any field sobriety tests to determine if appellant was under the influence. Officer Davis made the arrest based on appellant's red-faced, glassy-eyed appearance; loud talking into the telephone; odor of alcoholic beverage; and hearsay statements which were not even directed to him but which he overheard on a radio. These facts are not sufficient to constitute probable cause for arrest for driving under the influence. *State v. Finch, supra; State v. Henderson, supra.*

Accordingly, appellant's warrantless arrest was without probable cause and illegal. Therefore, his motion to suppress evidence obtained as a result of such illegal arrest should have been granted.

Appellant's first assignment of error is with merit.

In the second assignment of error, appellant contends that the trial court erred in not granting his motion to suppress the results of the breathalyzer test which were obtained as a result of the illegal arrest.

Appellant's second assignment is also with merit.

As was determined in the first assignment, Officer Davis did not have probable cause to arrest the appellant for driving under the influence of alcohol. The arrest was unconstitutional and in violation of R.C. 2935.03 and, therefore, the breathalyzer results should have been suppressed. *Wong Sun v. U.S.* (1963), 371 U.S. 471.

For the foregoing reasons, the judgment of the trial court is reversed and final judgment is entered for the appellant.

COX, J., Seventh Appellate District, sitting by assignment, and LYNCH, J., Ret., Seventh Appellate District, sitting by assignment, concur.