OPINION
This is an appeal by the defendant, Andrew T. Stidham ("Appellant"), from a judgment of the Bellefontaine Municipal Court finding him guilty of a violation of R.C.4511.19(B)(2), which prohibits a person under the age of twenty-one years from driving after drinking enough alcohol to result in a test measure above two-hundredths of one gram of alcohol per two hundred ten liters of his breath. Appellant is challenging the court's denial of his motion to suppress.
On April 23, 1997, while driving a 1989 Geo, Appellant was stopped by a Logan County Sheriff's deputy, pursuant to the owner's report that the car had been stolen. The stop was handled as a felony theft stop. However, after the pursuing officers notified the owner of the automobile that the car had been located, the owner stated that he knew Appellant and requested that no charges be filed.
Thereafter the deputy, who noticed the strong odor of alcohol on Appellant's breath, his bloodshot eyes, and his "unsteadiness," asked him twice to perform field sobriety tests, which Appellant refused. The deputy, who was previously acquainted with Appellant, then arrested Appellant and took him to the sheriff's department where Appellant consented to a breath-alcohol test. Appellant, who was twenty years old at the time of the arrest, was shown by the breathalyzer to have a prohibited amount of alcohol in his breath under R.C. 4511.19(B)(2), which provides:
 No person under twenty-one years of age shall operate any vehicle * * * within this state, if * * * [t]he person has a concentration of at least two-hundredths of one gram but less than ten-hundredths of one gram by weight of alcohol per two hundred ten liters of his breath.
Appellant pled not guilty to the charge, and on June 19, 1997, he filed a motion to suppress evidence. Appellant alleged,inter alia, that his arrest for DWI was not supported by probable cause. Following a hearing on the motion on August 12, 1997, the court issued its judgment entry denying the motion and setting the case for trial. On September 24, 1997, Appellant pled no contest to the charge, after which he timely filed this appeal, asserting one assignment of error, as follows:
 The trial court erred in denying Appellant's motion to suppress evidence wherein it was established that the arresting officer did not have probable cause to make an arrest for driving under the influence of alcohol.
Appellant has not challenged the validity of the stop of the automobile he was driving. He asserts only that his arrest was unconstitutional because there was not enough evidence of his driving while intoxicated to establish probable cause for his arrest. We find that the arresting officer in this case had probable cause to arrest Appellant for driving while intoxicated.
We agree with Appellant that a determination that there was probable cause for the arrest depends upon whether, at the time of the arrest, the facts and circumstances within the deputy's knowledge "were sufficient to warrant a prudent man in believing" that the suspect had committed the offense. Beck v. Ohio (1964),379 U.S. 89, 91. See, also, State v. Finch (1985), 24 Ohio App.3d 38,40 (citing State v. Heston [1972], 29 Ohio St.2d 152).
In this case, Appellant was arrested before the administration of the breathalyzer test, the results of which constituted the basis for his conviction. Consequently, we must review the circumstances occurring up to the point Appellant was first taken into custody by the deputy, in order to determine whether probable cause existed for Appellant's arrest.
Appellant argues that, under the probable cause standard established in Beck, supra, the arresting deputy's observations were insufficient to create probable cause to arrest Appellant. Appellant asserts that because the officer "did not indicate in his testimony that he was aware of Mr. Stidham's age at the time of the decision to arrest," he had to have had probable cause to arrest Appellant based upon facts which would indicate a level of intoxication that would constitute an offense under R.C.4511.19(A), the DWI (driving while intoxicated) statute.[1]
However, at the suppression hearing, the deputy did indicate that he was aware of Appellant's underage status when he testified as follows:
 Knowing that the subject is less than 21 years of age, he has to test at least under .02; and .02 doesn't really take much alcohol * * * The odor of the alcohol was my first sense * * * and when I asked him if he had been drinking, he said he had a couple. So I figured that substantiated my .02 that I was looking for.
We also note that the deputy testified that Appellant's eyes were bloodshot and that the officer had observed Appellant swerve off the right shoulder of the road during the pursuit of the automobile.
The trial court in Finch stated that, merely appearing to be too drunk to drive is not enough to constitute probable cause to arrest. See Finch, 24 Ohio App.3d at 40. However, because the prohibited amount of blood alcohol in an underage driver is so minimal, an arresting officer must look for more subtle evidence of drinking, and evidence of only very slight impairment of performance. Accordingly, we agree with the trial court's conclusion that an officer must look for less obvious indicators of alcohol consumption when assessing an underage drinking driver, but not because there is a "different" or "lesser" probable cause standard to satisfy. Rather, we believe that the indicators of two hundredths of a gram by weight of alcohol per two hundred ten liters of breath are more subtle than the indicators of one tenth of a gram by weight of alcohol per two hundred ten liters of breath. See R.C. 4511.19(A)(3); R.C. 4511.19(B)(2). Thus, the facts which constitute probable cause to arrest an underage driver are different from the facts necessary to constitute probable cause to arrest an adult driver. We therefore overrule Appellant's sole assignment of error.
Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concurs.
[1] R.C. 4511.19(A) provides:
 No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 (2) The person has a concentration of ten-hundredths of one percent of more by weight of alcohol in his blood;
 (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;
 (4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine.