OPINION
Defendant-Appellant, Darlene Decker, appeals a judgment of the Municipal Court of Hancock County, Ohio, finding her guilty of driving under the influence in violation of R.C.4511.19(A) (1). Appellant specifically challenges the court's decision to deny her motion to suppress evidence in connection with the stop and arrest for the instant traffic offense. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On February 9, 1998, Appellant was stopped by an Ohio State Highway Patrol Officer for an alleged speeding violation and was subsequently arrested for driving under the influence. Appellant entered a written not guilty plea the next day and the case was set for jury trial. In the meantime, Appellant filed a motion to suppress all evidence, arguing, among other things, that the officer lacked probable cause to make an arrest. The trial court conducted a hearing on the matter in June and on August 28, 1998, the court issued a judgment entry overruling Appellant's motion. Although the record indicates that the parties were prepared for trial, Appellant eventually withdrew her prior plea and pled no contest to the charge on May 4, 1999. The trial court found her guilty and Appellant filed the present timely appeal, asserting a single assignment of error:
 The trial court erred when it did not sustain the Defendant-Appellant's motion to suppress as the arresting officer did not possess sufficient probable cause to arrest the Defendant-Appellant for a violation of Ohio Revised Code [section] 4511.19 * * *.
The issue of whether probable cause existed for a proper arrest depends upon whether, at the time of the arrest, the facts and circumstances known by the officer would lead "a prudent man" to believe that the suspect had committed an offense. Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142; Statev. Stidham (Mar. 27, 1998), Logan App. No. 8-97-34, unreported. Based upon the evidence adduced at the hearing on Appellant's motion to suppress, we find that the arrest was based upon probable cause.
The unrefuted testimony from Ohio State Highway Patrol Officer, Robin Teets, demonstrates that upon speaking with Appellant about the alleged speed violation, the officer noticed a strong odor of alcohol emanating from the vehicle. Trooper Teets also stated that Appellant displayed slurred speech and glassy, bloodshot eyes. Appellant then agreed to allow Trooper Teets to administer the Horizontal Gaze Nystagmus Test (HGN), the results of which caused the trooper to believe that Appellant was under the influence. In addition, although the time of the event was not clear, Appellant admitted to having a drink at a local establishment that night.
Although Appellant maintains that Trooper Teets was not qualified to testify as to the results of the HGN, we conclude otherwise. In State v. Bresson (1990), 51 Ohio St.3d 123, the Supreme Court of Ohio held that an officer may testify regarding a driver's performance on the HGN test "so long as the proper foundation has been shown both as to the officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test." Id. at 128.
The transcript here demonstrates that the officer testified as to the training she received on the HGN test, both in the State Patrol Academy and post-graduate. She also described the manner in which the test is administered and the involuntary, physical movements of the eye that alert her to the likelihood that a suspect is under the influence of alcohol. Further, Trooper Teets indicated that Appellant failed the test by exhibiting all of the significant physical characteristics. Thus, the trial court properly considered the evidence regarding Appellant's performance on the HGN. Since the record reveals that at the time of the arrest, Appellant showed signs of being under the influence, performed poorly on a standard field sobriety test and even admitted to having a drink, this is not a case where Appellant was wrongfully arrested for "merely appearing to be too drunk to drive * * *." State v. Finch (1985), 24 Ohio App.3d 38, 40.
Appellant's assignment of error is overruled.
Having found no error to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 HADLEY and SHAW, JJ., concur.