OPINION
Defendant-appellant Timothy Davis appeals the decision of the Columbiana County Southwest Area Court which denied his motion to suppress evidence in a driving under the influence case. For the following reasons, the trial court's decision is affirmed.
On August 22, 1997, Sergeant Lenkey ["the officer"] of the Ohio State Highway Patrol was called to the scene of an accident. Ryan Lively informed the officer that appellant pulled out in front of his car and that to avoid hitting appellant's car, he had to swerve into a yard where he hit flower pots and a mailbox. Appellant told the officer that Ryan lost control of his car because he was driving too fast around a bend in the road. Ryan countered that his speed ranged from thirty-five to forty mph as he rounded the bend in the fifty-five mph zone.
Because the officer noticed a strong smell of alcohol about appellant's person, he asked appellant if he had been drinking. Appellant responded that he had consumed between five and seven beers prior to the accident. He also signed a sworn statement to this effect. The officer noticed that appellant had "mush mouth" and spoke and moved slowly and deliberately. Appellant claimed that he could not perform field sobriety tests due to an old football injury. Thus, the officer administered the horizontal gaze nystagmus ["HGN"] test on which appellant missed all six points. Appellant was then arrested for driving under the influence and cited for failure to yield. Appellant submitted to breath analysis which revealed a blood alcohol content of .195.
Thereafter, appellant filed a motion to dismiss and/or suppress evidence alleging that the officer lacked probable cause to make an arrest. At the suppression hearing, the officer testified as to his investigation, and Ryan testified that he smelled alcohol on appellant when they were calling the police to the scene. Although the court denied appellant's motion, appellant was given the opportunity to brief his arguments on the alleged lack of probable cause. After briefs were submitted, the court released a judgment entry which again denied appellant's motion to suppress. On November 6, 1998, appellant pled no contest to the charges. The within appeal followed.
Appellant's sole assignment of error contends:
 "THE TRIAL COURT WAS IN ERROR IN OVERRULING THE DEFENDANT'S MOTION TO DISMISS AND OR SUPPRESS DUE TO THE FACT THAT PROBABLE CAUSE DID NOT EXIST FOR THE TROOPER TO ARREST THE DEFENDANT FOR D.U.I."
The review of a probable cause issue is a mixed question of law and fact. The credibility of witnesses and the weight of the evidence are primarily the province of the trial court as it rules on a motion to suppress evidence for lack of probable cause to arrest. State v. Smith (1997), 80 Ohio St.3d 89, 105, citingState v. Fanning (1982), 1 Ohio St.3d 19, 20. However, the application of the law to the facts is subject to de novo review without deference to the trial court's ruling. State v. Lloyd
(1998), 126 Ohio App.3d 95, 100-101.
In this appeal, appellant challenges the trial court's application of the law to the facts. It is appellant's position that probable cause to arrest was lacking because the officer did not witness erratic driving or impaired motor coordination and did not urge appellant to try to perform the field sobriety tests. Appellant cites State v. Finch (1985), 24 Ohio App.3d 38
and State v. Kidd (Jan. 2, 1996), Belmont App. No. 94-B-20, unreported, for the proposition that merely appearing and smelling intoxicated is not enough to give rise to probable cause for a drunk driving arrest.
"Probable cause to believe a driver is operating a vehicle while intoxicated arises from readily discernible indicia under the totality of the circumstances." State v. Gustafson (1996),76 Ohio St.3d 425, 450. The facts and circumstances known to the officer must have come from a reasonably trustworthy source and must be sufficient to cause a prudent person to believe that the offender is driving while under the influence. State v. Beall
(Mar. 3, 1999), Belmont App. No. 94-B-43, unreported; State v.Stoddard (Dec. 7, 1998), Columbiana App. No. 96-CO-35, unreported. See, also, Beck v. Ohio (1964), 379 U.S. 89.
In the case at bar, the officer noticed a strong smell of alcohol on appellant, as did another witness. Appellant's speech was slow and slurred; his movements were slow and deliberate. The officer testified that appellant appeared intoxicated. However, this is not the end of the evidence as appellant suggests. The officer also noticed that visibility was clear at approximately 5:30 p.m. on a summer evening. The witness, Ryan Lively, gave a sworn statement at the scene of the accident and at the hearing that appellant pulled out in front of his car and that he was forced to swerve to avoid hitting the back of appellant's car. It was within the trial court's discretion to consider this witness a reasonably trustworthy source of information available to the officer. Thus, the officer had evidence of unsafe driving before him.
Moreover, appellant admitted that he had been driving. Appellant also admitted that he drank five to seven beers sometime prior to the accident. Appellant told the officer that he could not perform field sobriety tests due to an old football injury. Appellant now complains that the officer should have urged him to try the tests. However, an officer does not have an obligation to attempt to talk a suspect into trying to perform field sobriety tests after the suspect claims that he is not physically able to perform the tests. Furthermore, failed sobriety tests are not mandatory to establish probable cause. SeeState v. Heitzenrater (Dec. 7, 1998), Butler App. No. CA98-06-119 unreported, 2 (stating, "any rule requiring a field sobriety test to establish probable cause would create the ludicrous scenario where any suspect would avoid arrest for driving under the influence by refusing to submit to field sobriety tests.")
Lastly, the officer administered the HGN test, and appellant missed all six points on this test. The Supreme Court of Ohio once explained that the HGN has been described as the single most accurate field test. State v. Bress (1990), 51 Ohio St.3d 123,126. Appellant's failing of this test combined with the other evidence available to the officer constituted probable cause. SeeState v. McClaskey (Aug. 6, 1997), Mahoning App. No. 95-CA-87, unreported. From the totality of the aforementioned facts and circumstances, this court holds that the officer had probable cause to believe that appellant was operating a motor vehicle while under the influence of alcohol. Therefore, the trial court properly denied appellant's motion to suppress.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE