OPINION
Defendant-appellee, Christopher Klump, was driving his truck on State Route 52 at 1:35 a.m. when Deputy Don Stone of the Brown County Sheriff's Office saw him swerve left of center. Appellee crossed so far over the centerline that he caused "an on-coming [sic] vehicle to go off the right side of the road to avoid collision." Then appellee turned on his left-turn signal and kept it on for about one-quarter to one-half of a mile, even though there was nowhere to turn left.
The deputy activated his pursuit lights, and appellee pulled over to the side of the road. The deputy detected an odor of alcohol on appellee's breath. Appellee admitted that he had drunk "a beer or two." The deputy asked appellee to perform field sobriety tests, including the heel-to-toe, the finger-to-nose, and the one-leg-stand.
Based on his opinion that appellee was impaired, the deputy arrested him. The deputy patted appellee down for weapons and felt a cigarette pack in appellee's back pocket. The deputy did not remove the cigarette pack at that time. Appellee sat in the back of the patrol car when the deputy drove to the sheriff's office. After appellee exited the patrol car, the deputy saw a cigarette pack that had been shoved under the back seat. The deputy had checked the area under the back seat before beginning his shift, and no one had sat in the back seat other than appellee that night. The deputy lifted the lid of the cigarette pack and found drug paraphernalia and a vial filled with cocaine.
Appellee was indicted for possession of cocaine and drug paraphernalia. Appellee filed a motion to suppress, arguing that the deputy lacked probable cause to arrest him. The trial court granted appellee's motion to suppress. The trial court's decision was based, in part, on its finding that the deputy's testimony regarding the field sobriety tests was not trustworthy. Although the deputy testified that appellee failed the field sobriety tests, he could not remember any specific details about appellee's performance and did not have any notes documenting the field sobriety tests. The trial court found that without the field sobriety tests, the deputy did not have probable cause to arrest for driving while under the influence of alcohol. Therefore, the trial court suppressed the evidence obtained pursuant to the arrest. The state appeals, raising two assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT THE ARRESTING OFFICER'S RECOLLECTION AS TO THE SPECIFICS OF THE FIELD SOBRIETY TEST PERFORMED GOES TO THE WEIGHT, NOT SUFFICIENCY, OF EVIDENCE.
The state argues that the trial court erred by weighing the deputy's testimony about the field sobriety tests when determining whether there was probable cause to arrest. The state insists that the trial court may weigh the evidence only when reviewing a verdict, not when ruling on a motion to suppress. We disagree.
When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. If the trial court's findings are supported by competent and credible evidence, then the appellate court must accept them. State v.Williams (1993), 86 Ohio App.3d 37, 41. Relying on the trial court's factual findings, the reviewing appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson
(1995), 100 Ohio App.3d 688, 691.
The trial court did not believe that the deputy's testimony regarding the failed field sobriety tests could be relied upon. The trial court found that "the level of credibility of the officer's testimony as to the failed field sobriety tests is below the standard of `reasonably trustworthy information sufficient to warrant a prudent person in believing the suspect had committed or is committing an offense.'" The trial court mentioned that the deputy had no notes regarding appellee's performance on the field sobriety tests. The trial court further explained that "[s]ince he [the deputy] honesty [sic] could not remember the specifics it is as if there were no field sobriety tests to consider in the total circumstances of the arrest."
Because the weight of the evidence and the credibility of witnesses are primarily for the trier of facts to determine, we defer to the credibility determinations made by the trial court at a suppression hearing. See Fanning, 1 Ohio St.3d at 20, citingState v. DeHass (1967), 10 Ohio St.2d 74 [10 Ohio St.2d 230], paragraph one of the syllabus. Therefore, we defer to the trial court's finding that the deputy's testimony about the field sobriety tests was not trustworthy. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN NOT APPLYING TOTALITY-OF-THE-CIRCUMSTANCES IN DETERMINING WHETHER THE OFFICER HAD PROBABLE CAUSE IN ARRESTING FOR DRIVING UNDER THE INFLUENCE.
In its second assignment of error, the state argues that the trial court erred by not considering the totality of the circumstances when determining whether there was probable cause for appellee's arrest.
The parties agree that the initial traffic stop was justified. When appellee swerved over the centerline, he committed a traffic violation, which gave the deputy reason to conduct a traffic stop. See Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus (following United States v. Ferguson [C.A.6, 1993], 8 F.3d 385). The issue in controversy is whether the deputy had probable cause to arrest.
An arrest is constitutionally valid if, at the time that the arrest was made, the arresting officer had probable cause to make it. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225. Probable cause exists when at the time of the arrest, the facts and circumstances known by the officer and of which the officer had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense. Id. The determination of whether there was probable cause to arrest is a question of law. State v.Deters (1998), 128 Ohio App.3d 329, 333.
We must therefore determine if, after disregarding the field sobriety tests that the trial court found to be untrustworthy, there remained sufficient evidence upon which the deputy could have relied to arrest appellee. The evidence in this case indicates that appellee swerved left of center, almost causing an accident, and then drove one-quarter to one-half of a mile with his left turn signal activated. After stopping appellee, the deputy detected an odor of alcohol emanating from appellee and appellee admitted to drinking one or two beers.
The briefs of both parties cite to State v. Finch (1985),24 Ohio App.3d 38, 40, in which this court stated that "merelyappearing to be too drunk to drive is not, in our opinion, enough to constitute probable cause for arrest." (Emphasis sic.) This court noted that the police officer had not seen the arrestee driving in an erratic or unsafe manner, had not observed impaired motor coordination, and had not asked the arrestee to perform field sobriety tests. Id.
Unlike the facts of Finch, in this case appellee drove Eerratically and endangered the lives of other drivers. Appellee swerved so far over the centerline that he almost caused an accident with an oncoming vehicle. We find that there was probable cause to arrest for driving under the influence of alcohol where appellee was driving so erratically that he almost caused an accident and where appellee smelled of alcohol and admitted to consuming alcohol. Therefore, even though the results of the field sobriety tests were suppressed, there was probable cause to arrest appellant. Because there was a lawful arrest, the contraband discovered pursuant to the arrest may serve as the basis of criminal charges. The second assignment of error is sustained.
Judgment reversed and remanded for further proceedings.
POWELL, P.J., and YOUNG, J., concur.