OPINION
Appellant Leeann Marshall appeals a judgment of the Canton Municipal Court convicting her of DUI (R.C.4511.19(A)(4)):
 ASSIGNMENTS OF ERROR FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS. THE PROSECUTION FAILED TO MEET ITS BURDEN AS THE EVIDENCE ESTABLISHED THE ARREST OF DEFENDANT WAS WITHOUT PROBABLE CAUSE IN THAT PROBABLE CAUSE DID NOT EXIST FOR THE ARREST OF THE DEFENDANT FOR THE CHARGE OF DRIVING UNDER THE INFLUENCE OF ALCOHOL, A VIOLATION OF R.C. 4511.19.
 SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS IN THAT THE COURT SHOULD HAVE FOUND THE DEFENDANT'S ARREST WAS WITHOUT PROBABLE CAUSE, UNLAWFUL, AND ORDERED ALL EVIDENCE AND STATEMENTS OF THE DEFENDANT, SUBSEQUENT TO HER ARREST TO BE QUASHED AND OTHERWISE SUPPRESSED.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS IN THAT ALL STATEMENTS OF DEFENDANT SUBSEQUENT TO HER ARREST WERE MADE DURING A CUSTODIAL INTERROGATION AND SHOULD HAVE BEEN SUPPRESSED DUE TO THE LACK OF THE APPROPRIATE MIRANDA WARNING.
At 2:49 a.m. on March 31, 2000, Lieutenant Joseph Nist of the North Canton Police Department was seated in his vehicle in the parking lot of Friendly's Ice Cream on Main Street in the City of North Canton. As the vehicle driven by appellant approached the officer's location, his radar recorded a speed of 54 m.p.h. in a posted 35 m.p.h. zone. Lieutenant Nist activated his overhead lights and began pursuit. He observed appellant's vehicle travel left of center at the 800 block of North Main Street. Lieutenant Nist then activated his siren. Appellant turned onto Charlotte, and was observed traveling left of center for approximately one block. After pursuing appellant for eight blocks in an unsuccessful attempt to stop the vehicle, the officer flashed his spot light in the rear of appellant's vehicle, which finally caused her to stop. After approaching the vehicle, Lieutenant Nist explained that he stopped appellant due to her excessive speed, and driving over the yellow line twice. Appellant repeatedly stated that she was lost. She stated that she was coming from a party or a club in Akron. Lieutenant Nist had a sinus infection, and was having difficulty with his sense of smell. He thought he detected the odor of alcohol, but was not sure, so he called another officer to the scene. At this point, he took appellant's keys from her vehicle, and told her she was under arrest. Officer Robert Dovicik arrived at the scene and administered field sobriety tests. Officer Dovicik immediately detected a strong odor of alcohol coming from appellant's vehicle. Appellant exhibited six out of six identifiable clues on the horizontal gaze nystagmus test. She was unable to successfully complete the one-legged stand test, and the heel-to-toe test. Appellant further admitted to having consumed four to five alcoholic beverages. Appellant was taken to the North Canton Police Department, where she consented to a urine test. The test revealed her alcohol level to be .30. Appellant was charged with driving while under the influence of alcohol, speeding, and driving left of center. She moved to suppress her statements and the urine test on the basis that officer Nist did not have probable cause to arrest her at the time he removed her keys from the vehicle. Following a suppression hearing, the court overruled the motion to suppress. Appellant pled no contest and was convicted of operating a motor vehicle while intoxicated. She was fined $550, and sentenced to 180 days incarceration. She was also found guilty of speeding and left of center upon a plea of no contest. She was ordered to pay costs on these two charges.
 I and II
We address the first two assignments of error together, as both assign error to the court's finding that the officer had probable cause to arrest appellant. The court found that there was probable cause for the arrest, although the court stated on the record that "perhaps the technical arrest should have occurred after the field sobriety tests." Tr. 58-59. We reject the State's argument that the arrest did not occur until appellant was handcuffed and placed into the police vehicle. The point when an investigatory stop turns into an arrest depends on the circumstances of the particular case. State v. Finch (1985),24 Ohio App.3d 38, 39. An arrest occurs when four requisite elements are met: (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. State v. Darrah (1980), 64 Ohio St.2d 22, 26. In Finch, supra, the court considered the issue of whether an arrest occurred when a police officer instructed a driver to pull to the side of the road, and removed the keys to the vehicle. The Court of Appeals for Brown County concluded that the officer effectively placed the defendant under arrest when she took the keys to his vehicle. The officer's testimony indicated that at the time she took the keys, she was satisfied that the driver was intoxicated, and had no intention of permitting him to drive away. 24 Ohio App.3d at 39. Although the record was silent as to the defendant's feelings with regard to his ability to leave, the court had little doubt that under the circumstances, a reasonable person would feel that he or she was taken into custody. Id. In the instant case, Officer Nist testified that when he took the keys to vehicle, he told appellant that she was under arrest. Tr. 14. Officer Nist's own testimony reveals that he had an intent to arrest appellant at this point. He was clearly acting under his authority as a North Canton Police Officer. Taking the keys from the vehicle acted as a constructive seizure of appellant's person, even though she was not handcuffed at the time, as there was little question that appellant was prevented from leaving the scene of the stop. While the record is silent as to appellant's feelings with regard to her ability to leave, under the circumstances, a reasonable person would feel that he or she was being taken into custody. The next issue is whether there was probable cause to arrest appellant for driving under the influence when Lieutenant Nist placed her under arrest and removed the keys from the vehicle. An officer has probable cause for an arrest if the facts and circumstances within his knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. E.g. State v. Heston (1972), 29 Ohio St.2d 152, cert. denied,409 U.S. 1038. At the time of the arrest, Lieutenant Nist had observed appellant driving erratically. However, the facts and circumstances within his knowledge were not sufficient to cause a reasonable person to believe that appellant was drunk. He based his conclusion on the fact that she was driving erratically, and when questioned, was focused solely on the fact that she was lost. However, he admitted that she produced her license and insurance card upon request, her speech was not slurred, and he did not notice that her eyes were bloodshot or exhibiting any indicia of intoxication. He thought maybe he smelled alcohol, but was not 100% sure, because his sinuses were infected. While the facts and circumstances known to Lieutenant Nist justified further limited detention for the purpose of calling in an officer to further investigate and perform field sobriety tests, they were not sufficient to allow him to place her under arrest for driving while under the influence of alcohol. The first and second assignments of error are sustained.
 III
The third assignment of error is rendered moot by our decision on assignments of error I and II.
The judgment of the Canton Municipal Court overruling appellant's motion to suppress the results of the urine test and all evidence resulting from her arrest is reversed. Pursuant to App.R. 12 (B), we hereby enter final judgment suppressing all evidence retrieved by the State following the arrest of appellant. The conviction for driving under the influence of alcohol is vacated.
The convictions and order to pay costs on the charges of speeding and driving left of center are affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur