JOURNAL ENTRY AND OPINION
In this accelerated appeal, Aaron Gibson appeals the judgment of the Cleveland Municipal Court finding him guilty of operating a motor vehicle under the influence of alcohol in violation of Cleveland Codified Ordinance (C.C.O.) 433.01(a)(1), reckless operation, in violation of C.C.O. 433.02, and no driver's licence, in violation of C.C.O. 435.01(a). On appeal, he assigns the following as errors for our review:
 I. THE VERDICTS OF THE TRIAL COURT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN CONVICTION (SIC) APPELLANT OF DRIVER'S LICENSE REQUIRED, PURSUANT TO CLEVELAND M.C. 435.01, DEEMING SAID CHARGE TO BE A LESSER INCLUDED OFFENSE OF DRIVING UNDER SUSPENSION.
Having reviewed the arguments of the parties and the pertinent law, we affirm in part and vacate in part the judgment of the trial court.
On September 30, 2000, Cleveland Police Sergeant Sharon Lorenc observed Gibson operate his 1987 Chevrolet automobile through a red light at West 3rd and Superior Avenue in Cleveland. As Lorenc followed Gibson, she observed him proceed through two red lights at Public Square, one at East 4th and Euclid Avenue and one at East 9th and Euclid Avenue. Lorenc testified Gibson wove through traffic at a high rate of speed without using signals. Lorenc activated her overhead lights and initiated a traffic stop of Gibson's vehicle. She ordered him to shut the motor off and throw his keys out the window. According to Lorenc's testimony, it took several attempts for Gibson to follow her directions. Upon approaching the vehicle, Lorenc testified there was a strong odor of alcohol, Gibson's pupils were dilated, his gait was staggered, his speech was slurred, and he could not follow easy directions. She further testified Davis told her he had drunk a 40-ounce bottle of beer and had been smoking marijuana earlier that evening; however, the trial court refused to consider these admissions because the statements were not documented by a police report. Davis also refused to submit to a breathalyzer at the scene.
Lorenc further testified Gibson provided her with a driver's license that did not belong to him. Additional investigation revealed Gibson's license was under suspension.
Officer Robert Nagy also testified that Gibson was uncooperative, and that he observed Gibson's bloodshot eyes, slurred speech, odor of alcohol, and staggering gait.
Upon the close of the state's case, Gibson moved for a judgment of acquittal pursuant to Crim.R. 29, which the court denied; he then rested his case.
In his first assignment of error, Gibson alleges his convictions were against the manifest weight of the evidence.
In State v. Martin[1], the court stated:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Additionally, the court in State v. Thompkins[2], stated:
 Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicated clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.
Further, in Tibbs v. Florida[3], the court stated:
 A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.
In this case, the state assumed the burden to prove all the elements of the crime of driving while under the influence, a violation of C.C.O. 433.01, which states:
 (a) Operation. No person shall operate any vehicle within the City, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
Gibson was also found guilty of reckless operation, a violation of C.C.O. 433.02, which states:
 (a) No person shall operate a vehicle on any street or highway in willful or wanton disregard of the safety of persons or property.
Additionally, the trial court found Gibson guilty of no driver's license, a charge the court amended from driving under suspension. Pursuant to C.C.O. 435.01, no person shall operate a motor vehicle unless such person has a valid driver's license.
Davis relies on State v. Finch[4] for the proposition that appearing drunk, without more, does not constitute probable cause for an arrest of D.U.I. There, the court stated:
 Where a police officer had not observed the arrestee driving in an erratic or unsafe manner, had not witnessed impaired motor coordination, and had not instructed the arrestee to perform field sobriety tests, the officer did not have probable cause to arrest the driver for violation of R.C. 4511.19; i.e., the mere appearance of drunkenness (bloodshot eyes, slurred speech, the odor of alcohol) is not sufficient to constitute probable cause for arrest for driving under the influence.[5]
We note in this case, no field sobriety tests were conducted because Gibson refused to perform them. In State v. Homan[6], the court stated even if field sobriety tests are excluded, or as here, not administered, the totality of the remaining circumstances may still establish probable cause. In determining whether the police had probable cause to arrest, notwithstanding any failure to strictly comply with field sobriety procedures, a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence.[7]
Applying the foregoing, our query is whether, under the totality of the circumstances, there was probable cause to arrest. Sergeant Lorenc testified she observed Gibson proceed through several red lights at a speed in excess of the posted speed limit and observed him weaving in and out of traffic without using his signal. Upon approaching him, she noted a strong odor of alcohol, his pupils were dilated, his gait was staggered, his speech was slurred, and he could not follow easy directions.
Officer Robert Nagy also testified Gibson was uncooperative and noted his bloodshot eyes, slurred speech, odor of alcohol and staggering gait.
This case is distinguishable from Finch in that Lorenc, a police officer, observed Davis driving in an erratic manner, witnessed impaired motor coordination, and instructed him to perform field sobriety tests, which he refused. Additionally, Lorenc observed bloodshot eyes, slurred speech, the odor of alcohol.
Considering the totality of the circumstances, we conclude Gibson's conviction for driving while under the influence is not against the manifest weight of the evidence.
Regarding the charge of reckless operation, Sergeant Lorenc testified she observed Gibson proceed through several red lights at a speed in excess of the posted speed limit and observed him weaving in and out of traffic without using his signal. Based on this testimony, we conclude the state presented evidence as to each citing, Beck v. Ohio (1964),379 U.S. 89, 85 S.Ct. 223.
In his second assignment of error, Gibson argues the trial court erred in deeming the offense of no driver's license to be a lesser included offense of driving under suspension. We note the trial court, sua sponte, amended the original charge of driving under suspension to no driver's license, implying that no driver's license is a lesser included offense. We agree with the defense that this was error; however, it is unnecessary to reach this issue because during oral argument, the city conceded this error. Accordingly, we vacate Davis' conviction for the offense of no driver's license and affirm the remainder of the trial court's judgment.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] (1983), 20 Ohio App.3d 172.
[2] (1997), 78 Ohio St.3d 380.
[3] (1982), 457 U.S. 31.
[4] (1985), 24 Ohio App.3d 38, 492 N.E.2d 1254.
[5] Id. at paragraph two of the syllabus.
[6] (2000), 89 Ohio St.3d 421, 732 N.E.2d 952.
[7] Village of Chagrin Falls v. Degreen 2001 Ohio App. LEXIS 4077, (September 13, 2001), Cuyahoga App. No. 78741, unreported, element of the offense and, therefore, his conviction is not against the manifest weight of the evidence.