OPINION
{¶ 1} Appellant David Morrow appeals the decision of the Delaware Municipal Court that overruled his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On January 29, 2002, Trooper Cunningham stopped appellant's vehicle after he observed appellant drive off the right side of U.S. 23 and touch the center line twice. Upon approaching appellant's vehicle, Trooper Cunningham noticed a moderate odor of alcohol emanating from the vehicle and also observed that appellant had bloodshot eyes. Because it was raining heavily, Trooper Cunningham elected not to perform field sobriety tests and instead placed appellant under arrest for driving under the influence of alcohol with a prohibited blood alcohol concentration (Case No. 02TRC01728), operating a motor vehicle while intoxicated, driving while under a driver's license suspension and a marked lanes violation (Case No. 02TRC01346).
 {¶ 3} At his arraignment on February 8, 2002, appellant entered a plea of not guilty. Thereafter, appellant filed a motion to suppress challenging the validity of the stop and subsequent arrest. Following a hearing on appellant's motion on March 13, 2002, the trial court overruled said motion. On March 28, 2002, pursuant to plea negotiations, appellant withdrew his not guilty plea in Case No. 02TRC01728 and entered a plea of no contest. The trial court found him guilty. The State of Ohio voluntarily dismissed the remaining charges contained in Case No. 02TRC01346.
 {¶ 4} Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE COURT SUB JUDICE ERRED AS A MATTER OF LAW TO THE PREJUDICE OF APPELLANT WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS."
 I {¶ 6} In his sole assignment of error, appellant maintains the trial court should have granted his motion to suppress as Trooper Cunningham did not have probable cause to arrest him. We disagree.
 {¶ 7} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486;State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams
(1993), 86 Ohio App.3d 37, overruled on other grounds.
 {¶ 8} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 9} On appeal, appellant challenges the trial court's findings of fact that Trooper Cunningham had probable cause to arrest him as being against the manifest weight of the evidence. The term "probable cause" has been defined as "a reasonable ground for belief of guilt." Carrollv. United States (1925), 267 U.S. 132, 161. Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate. State v. Welch (1985), 18 Ohio St.3d 88, 92. In concluding that Trooper Cunningham had probable cause to arrest appellant, the trial court made the following findings of fact:
 {¶ 10} "3. Trooper Cunningham began to follow the vehicle being operated by the Defendant and on three occasions observed him go beyond the right lane marker approximately one-half width of the vehicle onto the paved berm area. He also observed the Defendant's vehicle touch the left lane marker with the left wheels on two occasions. These observations were confirmed by a videotape.
 {¶ 11} "4. Trooper Cunningham approached the Defendant as he was seated in his vehicle. He noted a moderate odor of alcohol and noted that the Defendant had blood shot eyes. The Defendant indicated in answers to initial questioning that his operator's license was under suspension." Judgment Entry, Mar. 19, 2002, at 2.
 {¶ 12} Appellant contends the trooper's observations as to his driving prior to being stopped are not competent or credible because it was dark outside, raining heavily and the lines on the road were not visible. Thus, the only remaining evidence to be considered in determining whether Trooper Cunningham had probable cause to arrest appellant was the moderate odor of alcohol and bloodshot eyes. Pursuant to the case of State v. Finch (1985), 24 Ohio App.3d 38, appellant contends this evidence was not sufficient to constitute probable cause for the arrest. In Finch, the Twelfth District Court of Appeals held:
 {¶ 13} "Where a police officer had not observed the arrestee driving in an erratic or unsafe manner, had not witnessed impaired motor coordination, and had not instructed the arrestee to perform field sobriety tests, the officer did not have probable cause to arrest the driver for violation of R.C. 4511.19; i.e., the mere appearance of drunkenness (bloodshot eyes, slurred speech, the odor of alcohol) is not sufficient to constitute probable cause for arrest for driving under the influence." Id. at syllabus.
 {¶ 14} We have reviewed the videotape in this matter and conclude it contains competent, credible evidence that appellant was operating his vehicle in an unsafe manner. Although it was dark and rainy the evening of appellant's arrest, the lane lines are visible on the videotape. The videotape also confirms Trooper Cunningham's testimony that appellant was weaving within the marked lane of travel and that appellant drove off the right side of U.S. 23 and touched the center line twice. Thus, the facts of this case are distinguishable from the Finch case in that Trooper Cunningham did observe appellant drive his vehicle in an erratic and unsafe manner, in addition to observing a moderate odor of alcohol and bloodshot eyes.
 {¶ 15} Accordingly, the trial court's conclusion that Trooper Cunningham had probable cause to arrest appellant for driving under the influence of alcohol with a prohibited blood alcohol concentration was not against the manifest weight of the evidence.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
Topic: Probable cause to arrest for DUI.