The STATE of Ohio, Appellee,

v.

WALKER, Appellant.

[Cite as *State v. Walker,* 149 Ohio App.3d 296, 2002-Ohio-4362.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2001–A–0086.

Decided Aug. 26, 2002.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Angela M. Scott, Assistant Prosecuting Attorney, for appellee.

Ashtabula County Public Defender, Inc., and Marie Lane, Assistant Public Defender, for appellant.

DIANE V. GRENDELL, Judge.

{¶ 1}   Defendant-appellant, Roger L. Walker, appeals from the denial of his motion to suppress evidence by the Ashtabula County Court, Eastern District. Appellant was convicted of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving left of center in violation of R.C. 4511.25.

{¶ 2}   On August 28, 2000, Officer Ginn observed appellant drive left of center in Andover Village.   A breath test registered 0.142 grams of alcohol per 210 liters of breath.   Appellant was charged with driving left of center, driving with a prohibited level of breath alcohol in violation of R.C. 4511.19(A)(3), and operating a motor vehicle while under the influence of alcohol.

{¶ 3}   On October 10, 2000, appellant filed a motion to suppress evidence. Appellant argued that there was no reasonable and articulable cause to stop him and that the police officer lacked probable cause to arrest him.   On January 22, 2001, a hearing was held on the motion.   Officer Robert Ginn testified that he stopped appellant's vehicle after observing it drive over the double yellow center line twice while traveling on East Main Street in Andover Village.   Officer Ginn noticed a strong odor of alcohol while speaking to appellant.   He did not recall noticing anything else unusual about appellant's appearance at the time.   Appellant admitted having had a few beers at a bar.   This fact standing alone was sufficient to establish a reasonable suspicion that appellant had been operating a motor vehicle under the influence.

{¶ 4}   Officer Ginn then asked appellant to step out of his vehicle so that a field sobriety test could be performed.   Appellant used a cane to walk, preventing

Officer Ginn from administering most standardized tests. Because of his physical condition, appellant could not perform the one-leg-stand test or a walk-and-turn test. Officer Ginn administered the horizontal gaze nystagmus ("HGN") test. He then asked appellant to count on his fingertips and touch his fingertip to his nose. Appellant displayed four of the six clues on the HGN test and performed poorly on the two other nonstandard tests. Officer Ginn believed that appellant was under the influence of alcohol and placed him under arrest. While en route to the police station, appellant stated that he believed that he would test over the legal limit of alcohol because he had been drinking alcohol earlier in the day as well as consuming the beers at the bar.

{¶ 5} On October 12, 2001, the trial court overruled appellant's motion to suppress. After considering the totality of the circumstances, the trial court concluded that there were ample facts to support the officer's conclusion that probable cause to arrest existed. The court also found that appellant had not preserved the objections he raised in his supplemental memorandum in support of the suppression motion, in which he contended that *State v. Homan* (2000), 89 Ohio St.3d 421, 732 N.E.2d 952, required the suppression of the evidence. The trial court denied appellant's suppression motion.

{¶ 6} Appellant changed his plea from not guilty to one of no contest. The trial court found appellant guilty of operating a vehicle while under the influence of alcohol and driving left of center. The state dismissed the charge of driving with a prohibited level of breath alcohol. The trial court sentenced appellant to 60 days in jail, suspending 57 of those days. Appellant was fined $350 plus costs. His driver's license was suspended for one year. The execution of appellant's sentence was stayed pending appeal.

{¶ 7} Appellant assigns the following error for review:

{¶ 8} "The trial court erred when overruling appellant's motion to suppress."

{¶ 9} In his sole assignment of error, appellant argues that the trial court incorrectly denied his motion to suppress evidence because the evidence does not support a finding of probable cause. Appellant contends that the police officer was required to administer the field sobriety tests in strict compliance with standardized testing procedures. Appellant asserts that the two nonstandardized tests administered by Officer Ginn cannot be used as a basis for probable cause because there are no standardized criteria for evaluating the results.

{¶ 10} We begin with the standard for reviewing a motion to suppress. At a hearing on a motion to suppress, a trial court, functioning as the trier of fact, is in the best position to evaluate the evidence, judge the credibility of the witnesses, and resolve the factual issues. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. When reviewing a trial court's ruling on a motion to suppress, an

appellate court is bound to accept the trial court's factual determinations if they are supported by competent and credible evidence. *State v. Searls* (1997), 118 Ohio App.3d 739, 741, 693 N.E.2d 1184. Once an appellate court accepts the trial court's factual determinations as true, the appellate court must conduct a de novo review of the trial court's application of the law to those facts. Id.

{¶ 11} In its judgment entry, the trial court observed that appellant never objected to Officer Ginn's testimony during the hearing on the suppression motion regarding his use of nonstandardized tests in determining whether probable cause existed to arrest appellant for operating a vehicle while under the influence of alcohol. In *State v. Dwyer* (Feb. 22, 2002), 11th Dist. No. 2001–L–075, 2002 WL 255498, this court found that a defendant's failure to object to the admission of field sobriety tests into evidence, during a suppression hearing, resulted in waiver of the issue for purposes of appeal.

{¶ 12} In the instant case, appellant did raise the issue in his supplemental memorandum filed after the suppression hearing was held. Even if this properly preserved the issue of the field sobriety tests for purposes of appellate review, there is evidence to support the trial court's conclusion that probable cause existed to support appellant's arrest. Probable cause to believe a person is operating a vehicle while under the influence of alcohol arises from readily discernible indicia based upon the totality of the circumstances. *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435. Officer Ginn first administered the HGN test, which is the single most accurate field test in determining whether a driver is impaired by alcohol. *State. v. Bresson* (1990), 51 Ohio St.3d 123, 554 N.E.2d 1330. Appellant showed four of six clues indicating alcohol impairment. Four or more clues indicate that the driver's blood-alcohol concentration is above the legal limit. *State v. Lowe* (Dec. 21, 2001), 11th Dist. No. 2000–T–0138, 2001 WL 1647197. Appellant's physical ailments prevented him from performing further standardized tests. An officer does not have to attempt to encourage a driver to perform or insist that a driver perform certain field sobriety tests after the driver claims that he is physically unable to perform the tests. *State v. Davis* (Dec. 10, 1999), 7th Dist. No. 98 CO 80, 1999 WL 1138554.

{¶ 13} Appellant relies upon *Homan*, supra, to support his argument that the results of the nonstandardized tests should have been suppressed. In *Homan*, the Supreme Court of Ohio held, at paragraph one of the syllabus, that police must administer field sobriety tests in strict compliance with standardized testing procedures in order for the results to serve as evidence of probable cause. 89 Ohio St.3d 421, 732 N.E.2d 952. There is no evidence or argument that Officer Ginn did not administer the HGN test in compliance with standardized testing procedures. That test indicated that appellant was impaired by alcohol. Other standardized tests could not be used due to appellant's physical inability to

perform the tests. The focus of the appeal is on the use of the nonstandardized tests to support a finding of probable cause to arrest.

{¶ 14} *Homan* does not state that an officer may use only standardized tests to determine a driver's possible impairment. *Homan* holds that standardized tests must be administered in accordance with strict compliance with procedures. If circumstances dictate that methods other than strictly standardized tests must be used in determining whether a driver is under the influence of alcohol, then an officer should be able to use nonstandardized tests that, based upon his experience, can indicate impairment by alcohol. To hold otherwise would jeopardize the safety of the public as well as the intoxicated driver.

{¶ 15} The *Homan* court found that strict compliance with standardized field sobriety testing procedures is realistic and possible in the great majority of vehicle stops in which the police choose to administer the tests. The case before us is one of the exceptions due to appellant's physical inability to perform the other standardized tests. *Homan* did note that a determination of probable cause is based upon the totality of the facts and circumstances surrounding the arrest. Probable cause to arrest may be found even in the absence of admissible field sobriety tests. Id. Officer Ginn observed appellant drive left of center twice before he stopped appellant's vehicle. The officer noticed a strong odor of alcohol about appellant. The results of the HGN test indicated that appellant was impaired by alcohol. At that point, Officer Ginn decided to administer two nonstandard tests solely because of appellant's physical infirmities. Based upon Officer Ginn's experience, those tests also indicated that appellant was impaired by alcohol. Based upon the totality of the circumstances, probable cause existed to support appellant's arrest for operating a vehicle while under the influence of alcohol. Probable cause was established by (1) admissions, (2) HGN test, (3) nonstandardized tests, and (4) observation.

{¶ 16} The trial court did not err by overruling appellant's motion to suppress. Appellant's assignment of error is overruled. The judgment of the Ashtabula County Court, Eastern District, is affirmed.

Judgment affirmed.

WILLIAM M. O'NEILL, P.J., and ROBERT A. NADER, J., concur.