JOURNAL ENTRY AND OPINION
{¶ 1} This is another in a line of cases dealing with the application of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292. As acknowledged by the parties, the issue raised in this appeal is neither novel nor difficult, so an abbreviated review of the facts and law will suffice.
 {¶ 2} Plaintiff Ronald Kohus alleged in his complaint that he suffered injuries in a 1987 automobile accident with an uninsured motorist. He brought a Scott-Pontzer claim against his employer, The Plainville Ready Mix Concrete Company, alleging that he qualified as an insured under an insurance policy issued by The Hartford. The Hartford filed a motion for summary judgment in which it argued that Scott-Pontzer did not apply since the policy contained an endorsement for named insureds which listed, among other corporate entities, an individual named "Ron E. Clark." The court, citing to Workman v. Carlisle EngineeredProds., Cuyahoga App. Nos. 81179 and 81211, 2003-Ohio-293, appeal allowed in part, 99 Ohio St.3d 1415, 2003-Ohio-2504, granted summary judgment to The Hartford on grounds that the endorsement naming a specific individual removed any ambiguity from the named insured portion of the policy.
 I {¶ 3} Since the submission of this case, the supreme court decided Galatis v. Westfield Ins. Co., 100 Ohio St.3d 216,2003-Ohio-5849, in which it severely limited Scott-Pontzer and overruled Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557. See Galatis, paragraph three of the syllabus. Since the parties agreed that Scott-Pontzer applied as a basis for permitting recovery, we must determine what effectGalatis has on this case.
 {¶ 4} The law is that a decision of the supreme court is to apply retroactively, as though that law had always applied. SeePeerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210. What this means to this case is that the Scott-Pontzer claim that both parties thought was viable at the time the complaint had been filed, was not viable at all. Had Galatis been the law, Kohus' claims would have been subject to summary judgment since he could not establish facts that would entitle him to judgment.
 {¶ 5} While we are loathe to consider arguments that were not presented to the trial court, see Republic Steel Corp. v.Cuyahoga Cty. Bd. of Revision (1963), 175 Ohio St. 179, syllabus, we ought not perpetuate bad law on the flimsy basis that the court and the parties relied on a case that has been subsequently limited. We therefore find that the court should have granted summary judgment to all defendants because there was no conceivable contractual liability.
 II {¶ 6} Even if Galatis did not vitiate the Scott-Pontzer
claim, the court's stated basis for granting summary judgment to The Hartford was correct. In Workman, we held at ¶ 38 that "the rationale behind the decision in Scott-Pontzer, as set forth previously, does not exist here since the term `you' `extends to some person or persons' and is not limited to the corporate entity. In this case, `you' is not ambiguous for purposes of UIM coverage." (Footnote omitted.) We followed Workman in McCullarv. Barth Industries, Cuyahoga App. No. 82345, 2003-Ohio-4194, where on very similar facts an insurance policy contained a "named insured" endorsement that listed twenty-eight corporate entities and three individuals. We stated at ¶ 12:
 {¶ 7} "Workman correctly noted that the Scott-Pontzer
ambiguity in the standard definition of `you' had been removed since individuals were specifically named as insureds. If a policy is ambiguous on grounds that the named insured was a corporation which could not be insured for purposes of UM/UIM coverage, the inclusion of named individuals necessarily removes this ambiguity — the inclusion of named individuals must exclude those individuals who were not named. See Radwandky v. HartfordIns. Co., Cuyahoga App. No. 82249, 2003-Ohio-3029. Because McCullar was not listed as an individual in the endorsement, he is not an insured. And in accordance with Scott-Pontzer's
directive to first consider whether there is coverage, we find McCullar did not qualify for coverage under the Zurich policy, so our inquiry `is at an end.' It follows that the court did not err by granting summary judgment."
 {¶ 8} Even had the court determined the liability issue in Kohus' favor, it would have erred by granting summary judgment to him because Kohus failed to present any evidence that would create an issue of fact sufficient to defeat summary judgment. As The Hartford pointed out, Kohus did not file any evidentiary materials in either his brief in opposition to The Hartford's motion for summary judgment, nor its own motion for summary judgment. Civ.R. 56(E) states that when a motion for summary judgment is made and supported as provided by the rule, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Because Kohus did not file an affidavit or any other evidentiary material, the court had no competent facts to show that Kohus had been in an accident, that he suffered injuries in excess of the limits of his own insurance coverage, or that he worked for The Plainville Ready Mix Concrete Company. And it bears noting that The Hartford did not concede any facts, being careful to state that Kohus merely rested on his pleadings and making its arguments contra in the alternative. Hence, although the court could validly determine the legal issue of liability, it could not have rendered judgment to Kohus as a matter of law since it had no facts to apply to the legal issue.
 {¶ 9} The judgment is affirmed.
Judgment affirmed.
Anthony O. Calabrese, Jr., J., concurs.
Timothy E. McMonagle, J., concurs in judgment only.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.