OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Jill Horn appeals the decision of the Western Division County Court, Belmont County, Ohio finding her guilty of one count of Driving Under the Influence in violation of R.C.4511.19(A)(1)/(A)(4). Horn challenges her conviction and sentence on four grounds.
 {¶ 2} First, Horn claims that the BAC test results were skewed by her ingestion of a coughdrop and her use of an albuterol inhaler. Second, Horn argues that the arresting officer did not have reasonable suspicion to initiate a traffic stop of her vehicle. Third, she maintains that her trial counsel rendered ineffective assistance of counsel. And finally, Horn alleges that the trial court failed to comply with Criminal Rule 32 when sentencing her. Because none of these claims have merit, we affirm the judgment of the trial court.
 Facts {¶ 3} On February 7, 2004, Officer Wright observed Horn traveling in her vehicle on Route 40. From visual observation, he believed her speed to be approximately 55 miles per hour when she passed his car. Because she was in a 45 mile per hour zone, Wright followed Horn and began pacing her until they reached the intersection at Route 149. After Wright paced her at 60 miles per hour, he witnessed Horn make an improper turn at the intersection.
 {¶ 4} Soon after witnessing the improper turn, Wright pulled over Horn's car. Because he noticed the smell of alcohol on Horn's breath, Wright administered field sobriety tests. Wright arrested Horn for driving under the influence and transported her to the St. Clairsville highway patrol barracks. While traveling in the patrol car, Horn kept a cough drop in her mouth. When they arrived at the barracks, Horn then asked to use her inhaler. Wright allowed her to do this. He then waited twenty-nine minutes and performed a BAC test, which she failed. Horn was then charged with Driving Under the Influence.
 {¶ 5} Horn filed a Motion to Suppress based upon the lawfulness of the initial stop and the allegedly inaccurate results of the BAC. Because the motion was overruled by the trial court, Horn pled guilty to the single count of driving under the influence and was sentenced accordingly. It is from that judgment that Horn now timely appeals.
 Twenty-minute Observation Period {¶ 6} As her first of four assignments of error, Horn asserts:
 {¶ 7} "Intervening acts caused the BAC test results to be analyzed in a manner contrary to the purpose of the Department of Health Guidelines."
 {¶ 8} Horn claims the BAC test should be suppressed based upon her ingestion of a cough drop and use of her albuterol inhaler prior to taking the test.
 {¶ 9} This court has previously concluded on numerous occasions that our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Lloyd (1998), 126 Ohio App.3d 95,100; State v. Winand (1996), 116 Ohio App.3d 286, 288, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521, 548
quoting State v. Venham (1994), 96 Ohio App.3d 649, 653.
 {¶ 10} As a reviewing court, we must accept the trial court's factual findings and the trial court's assessment of witness credibility. Statev. Brown (Sept. 7, 1999), 7th Dist. No. 96-B-22, citing State v.Anderson (1995), 100 Ohio App.3d 688, 691. However, once we have accepted those facts as true, we must independently determine as a matter of law whether the trial court met the applicable legal standard. Statev. Williams (1993), 86 Ohio App.3d 37, 41, overruled on other grounds as stated in Village of McComb v. Andrews (Mar. 22, 2000), 3d Dist. No. 5-99-41.
 {¶ 11} Under Ohio Adm. Code 3701-53, the Ohio Department of Health has promulgated rules directed at the proper administration of alcohol blood, breath and urine tests. For the results of those tests to be admissible, the tests must be administered in substantial compliance with those regulations. State v. Homan (2000), 89 Ohio St.3d 421, 426. "Once the State has demonstrated substantial compliance, the burden shifts to the defendant to demonstrate that he would be prejudiced by anything less than technical compliance." State v. Willis (1999), 131 Ohio App.3d 646,653; citing, State v. Brown (1996), 109 Ohio App.3d 629, 632.
 {¶ 12} Ohio Adm. Code 3701-53-02(B) states that "[b]reath samples shall be analyzed according to the operational checklist for the instrument being used." The operational checklist, which is part of the BAC Verifier Test Report Form (see Appendix A), provides the "methods approved by the director of health" for the operation of the BAC Verifier. The first item on the operational checklist is to "observe subject for twenty minutes prior to testing to prevent oral intake of any material."
 {¶ 13} This twenty-minute observation requirement is intended to prevent the test subject from orally ingesting any material prior to the test. State v. Rennick (May 16, 2003), 7th Dist. No. 02 BA 19, at 4 citing Ravenna v. Nethken, 11th Dist. No. 2001-P-40, 2002-Ohio-3129. In this case, Horn testified that she ingested a cough drop while sitting in the patrol car. The trooper was aware that she had it in her mouth. He told her to finish it but told her not to have another. Horn then admitted that she did not have anything in her mouth once she got to the barracks. While at the barracks, the trooper testified that Horn used her inhaler at 2:11 A.M. He further explained that he did not perform the BAC test until 2:40, twenty-nine minutes later.
 {¶ 14} The intake of the two items is inconsequential since they were ingested prior to the twenty minute observation period. Because Horn has pointed to no other alleged violations and because the State has otherwise demonstrated substantial compliance in conducting the BAC test, the trial court did not err by refusing to suppress the results of the BAC test on these grounds. This assignment of error is meritless.
 Pacing Speed as Reasonable Suspicion for Traffic Stop {¶ 15} As her second assignment of error, Horn claims:
 {¶ 16} "There was no reasonable suspension (sic) for the initial traffic stop of speeding, thus all evidence obtained from the illegal stop should be suppressed."
 {¶ 17} Horn claims that an officer is not permitted to pull a vehicle over for speeding unless the officer has observed the speed of the vehicle by radio wave or through an electrical/mechanical device. Because the arresting officer determined she was speeding based upon his own perception and by following and pacing her, Horn now claims he did not have a reasonable suspicion for stopping her.
 {¶ 18} It does not appear that Horn is claiming that speeding in violation of R.C. 4511.21 is not a traffic offense for which a driver can be pulled over. Moreover, it is indisputable that a police officer may conduct a traffic stop of a vehicle observed speeding. State v.Robinette (1997), 80 Ohio St.3d 234, 239. Rather, Horn is challenging the manner in which her speed was detected. This claim is without merit as many Ohio courts have found that pacing a car is an acceptable manner for determining speed. More specifically, it has been held that:
 {¶ 19} "`[A] police officer's visual perception that a motor vehicle was speeding, coupled with years of experience, constitutes specific and articulable facts which provide the police officer with reasonable grounds to make an investigatory stop[.]'" State v. Porter (Sept. 15, 2000), 11th Dist. No. 99-P-0061, at 10, quoting State v. Lawless (June 25, 1999), 11th Dist. No. 98-P-0048. See also State v. Wilson (1995),102 Ohio App.3d 1; State v. Jones (Oct. 25, 2001), 5th Dist. No. CT2001-0033; State v. Kelm (April 10, 2003), 3d Dist. No. 14-02-20; Statev. Dalchuk (Aug. 6, 2003), 9th Dist. No. 21423; State v. Hoder (June 16, 2004), 9th Dist. No. 03CA0042; State v. Jamicky (Jan. 28, 2004), 9th Dist. No. 03CA0039.
 {¶ 20} In this case, the arresting officer testified that he had been a trooper for 26 years. He explained that he has been trained to check speed with radar and by pacing. When he first observed Horn's vehicle, it appeared to be traveling in excess of 55 miles per hour. He explained that he did not use a radar gun because she was passing him at a 45 degree angle and it would have been error to take a reading from that position. He began following the vehicle through a 45 mph zone and paced the vehicle at approximately 60 miles per hour. He did this by setting his speedometer at a certain speed and then checked to see whether the car was pulling away or staying even.
 {¶ 21} We conclude the officer did in fact testify as to the specific and articulable facts which created a reasonable suspicion for conducting the traffic stop. Accordingly, this assignment of error is also meritless.
 Ineffective Assistance of Counsel {¶ 22} As her third assignment of error, Horn states:
 {¶ 23} "Defendant's trial counsel rendered ineffective service which prejudiced the Defendant's case."
 {¶ 24} To reverse a conviction based upon ineffective assistance of counsel, Horn must prove the two prong test set forth in Strickland v.Washington (1984), 466 U.S. 668, 686. State v. Reynolds (1998),80 Ohio St.3d 670, 674. The first prong requires the defendant to show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. Strickland, at 687; State v.Sallie (1998), 81 Ohio St.3d 673, 674; State v. Hlinovsky, 7th Dist. No. 99 BA 65, 2001-Ohio-3247. The second prong requires the defendant to show that counsel's error was so serious as to deprive the defendant of a fair trial or a reasonable probability that the result of the trial would be different. Strickland at 687; Sallie, 81 Ohio St.3d at 674, 693 N.E.2d 267.
 {¶ 25} Horn claims her counsel was ineffective for failing to introduce evidence of the contents of both the cough drop she ingested and her albuterol inhaler. Based upon our resolution of the first assignment of error, trial counsel's failure to introduce this type of evidence would not have prejudiced Horn. Because these items were ingested outside of the twenty-minute time frame for observation, the content of the items would be irrelevant.
 {¶ 26} Moreover, we have no way of determining whether the contents of these items ingested outside of the twenty-minute observation period could have had any effect on the BAC results. Because the contents of the cough drop and inhaler were not admitted into evidence, this type of claim would be more appropriately filed in a claim for post-conviction relief. Accordingly, this claim is meritless.
 Allocution {¶ 27} As her fourth and final assignment of error, Horn asserts:
 {¶ 28} "The court erred in neglecting and refusing to properly ask the defendant if she had anything to say as to why sentence should not be placed upon her as required by Criminal Rule 32."
 {¶ 29} Horn maintains that she was denied her right to allocution as required under Crim.R. 32(A)(1). By rule, prior to sentencing an offender the trial court must, "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 30} Both Horn and her counsel were addressed personally by the court and given the opportunity to speak pursuant to Crim.R. 32(A)(1). Although Horn opted not to speak, her counsel presented a statement on her behalf. It appears from the record the trial court complied with Crim.R. 32(A)(1) and Horn's right of allocution was not violated. This assignment of error is also meritless.
 {¶ 31} For all the foregoing reasons, Horn's assignments of error are meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.