[Cite as *State v. Hammen*, 2012-Ohio-3628.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 2012CA00009 |
| RONALD P. HAMMEN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Canton Municipal Court,
                             Case No. 11 TRC 5740


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      August 6, 2012


APPEARANCES:

For Appellant:                          For Appellee:

MELISSA DAY                             TYRONE D. HAURITZ
                                        CANTON CITY PROSECUTOR
400 South Main Street                   BRANDEN L. PAXOS
North Canton, OH 44720                  218 Cleveland Ave. SW
                                        P.O. Box 24218
                                        Canton, OH 44701-4218

*Delaney, J.*

{¶1}   Appellant Ronald P. Hammen appeals from the judgment entry of the Canton Municipal Court journalizing his plea of no contest to one count of O.V.I. and one count of speeding.  Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2}   This case arose on July 22, 2011 when appellant was stopped by an Ohio State Highway Patrol trooper upon suspicion of speeding.   Appellant was subsequently charged by uniform traffic citation with two counts of O.V.I. pursuant to R.C. 4511.19(A)(1) and 4511.19(A)(2) and one count of speeding pursuant to R.C. 4511.21.

{¶3}   Appellant entered pleas of not guilty and filed a motion to suppress all evidence resulting from the traffic stop, arguing the stop was not based upon probable cause or reasonable suspicion; specifically, appellant challenged the trooper's method of "pacing" his vehicle to determine its speed.

{¶4}   In lieu of a hearing, the parties presented the trial court with the following stipulations[1] of fact "to be utilized by the Court in ruling (*sic*) Defendant's Motion to Suppress Evidence":

1)  On July 22, 2011 at approximately 11:30 P.M. Trooper David Garber of the

Ohio Highway Patrol was traveling southbound on Easton Street in Nimishillen

---

[1] Appellee's brief notes Trooper Garber did not receive a subpoena and was in training on the day of the suppression hearing.  The parties agreed to call the witness on the telephone and question him in the presence of the trial court. On the basis of that conversation, appellant's trial counsel drafted the stipulations and then the Memorandum in Support of Motion to Suppress Evidence.   Appellee acknowledges this conversation but the underlying circumstances are not on the record; therefore those facts are not properly before us.

Township when he came to the intersection of Easton Street and Ravenna Avenue.

2) Directly in front of Garber's patrol car, traveling in the same direction, was a red Dodge Ram pickup truck being driven by [appellant].

3) Both vehicles stopped at the red light and then proceeded southbound on Easton.

4) [Appellant's] vehicle traveled approximately 2000 feet before turning right into the driveway of his home.

5) Based upon the timer associated with the trooper's car video system, it took [appellant's] vehicle thirty-one seconds to travel the entire distance.

6) Based upon that same video, twenty-six seconds expired from the time [appellant's] vehicle left the intersection at Ravenna and Easton, until he applied his brakes and then his turn signal in preparation for the turn into his driveway.

7) If he had testified at the hearing Trooper Garber would have stated that he estimated [appellant's] speed at between 54 and 56 miles per hour.

8) The speed limit on that road is 45 miles per hour.

9) The basis for Trooper Garber's estimate of [appellant's] speed is his claim that he "paced" the other car.

10) If he had testified at the hearing Trooper Garber would have said that when "pacing" another vehicle to determined its speed, he generally positions his vehicle at a distance of three or four car lengths behind the target vehicle, and

follows it for a distance of two or three tenths of a mile, keeping the distance between the vehicle constant, while monitoring the speed of his own vehicle.

{¶5} Appellant filed a Memorandum in Support of Motion to Suppress Evidence which notes "[t]he facts are for the most part undisputed and displayed on the video which has been admitted into evidence." Appellant asserted the video demonstrates the two vehicles traveled too short a distance for the trooper to have observed appellant's vehicle in the manner he described.

{¶6} On December 6, 2011, the trial court overruled appellant's motion to suppress, concluding appellant's mathematical argument about the distance traveled was flawed; the trial court agreed with the trooper's observation that appellant was traveling faster than 45 m.p.h., the posted speed limit, because the trooper was traveling 45 m.p.h. and appellant's vehicle outpaced his. The trooper's inability to maintain a distance of three or four car lengths away from the target vehicle was not determinative, according to the trial court: "While the three or four car length distance may be useful to derive an exact miles per hour figure, one does not need this condition to reach a reasonable conclusion that the target vehicle is going faster than the observing vehicle, and if the observing vehicle is going 45 miles per hour, the target vehicle is going faster than that." The trial court found Trooper Garber had a reasonable suspicion, based on articulable facts, appellant was speeding.

{¶7} Appellant entered pleas of no contest to one count of O.V.I. and one count of speeding.[2] Appellant was sentenced to 180 days in jail with all but 3 days

---

[2] Two counts of O.V.I. pursuant to R.C. 4511.19(A)(1)(a) and 4511.19(A)(2) merged and appellant was sentenced pursuant to 4511.19(A)(1)(a).

suspended on the conditions that he complete a 3-day driver intervention program and perform 25 hours of community service. Appellant was also fined $650 and received a 180-day suspension of his driver's license.

{¶8}  Appellant now appeals from the judgment entry of his conviction and sentence.

{¶9}  Appellant raises two Assignments of Error:

{¶10} "I.  THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL STIPULATED TO THE TESTIMONY OF THE TROOPER WHOSE CREDIBILITY WAS THE PRIMARY ISSUE IN LIEU OF TESTIMONY UNDER OATH."

{¶11} "II.  THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE AS THE TRAFFIC STOP WAS NOT BASED UPON RELIABLE OR CREDIBLE FACTS SUPPORTING REASONABLE SUSPICION."

I.

{¶12} Appellant argues in his first assignment of error he received ineffective assistance of trial counsel because counsel stipulated to the facts of the incident, instead of requiring the trooper to appear and testify. We disagree.

{¶13} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶14} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶15} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶16} In the instant case, defense counsel's decision to enter into stipulations was not incompetent. Generally, the decision to enter into stipulations is a tactical decision which "falls 'within the wide range of reasonable professional assistance.'" *State v. James*, 3rd Dist. No. 1-10-20, 2010-Ohio-5411, ¶ 16, citing *State v. Green,* 66 Ohio St.3d 141, 148, 609 N.E.2d 1253 (1993). Trial counsel's decision to stipulate to uncontested facts constitutes ineffective assistance only if it results in prejudice to appellant. See, *State v. Fair*, 2nd Dist. No. 24120, 2011-Ohio-3330, ¶ 27.

{¶17} We further find appellant was not prejudiced by trial counsel's decision to enter stipulations, and appellant has not shown the result of the proceeding would have been different absent the stipulations. The issue for suppression was whether

the "pacing" method used by the trooper accurately measured appellant's excess speed. We note the parties, and the trial court, had the benefit of the videotape with which to evaluate the trooper's claims. Appellant suggests that if trial counsel had the opportunity to cross-examine the trooper, some information may have come to light which would have changed the outcome of the suppression motion. Appellant does not specify any evidence that counsel should have presented in lieu of the stipulation which would have undermined the trooper's description of events on the videotape. See, *State v. James,* supra, 2010-Ohio-5411 at ¶18. Nor is there anything in the record which suggests any of the stipulated facts were not accurate. See, *In re B.M.*, 181 Ohio App.3d 606, 2009-Ohio-1718, 910 N.E.2d 46 (11th Dist.2009), ¶ 68. Counsel indeed advocated suppression of the evidence from the stop based upon the stipulated facts. Id.

{¶18} We fail to see how stipulating to the facts, when both parties agree the facts were uncontested, prejudiced appellant. Nor do we see how requiring the trooper to testify would have resulted in a different outcome for the suppression.

{¶19} Appellant's first assignment of error is overruled.

II.

{¶20} In his second assignment of error, appellant argues the trooper did not have reasonable suspicion or probable cause to stop his vehicle because the trooper's pacing of appellant's speed was not accurate. We disagree.

{¶21} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998). During a suppression hearing, the trial court assumes

the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶22} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See*, Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶23}  In this case, appellant challenges the trial court's findings of fact, stating the trial court found it took appellant 26 seconds to travel 2000 feet "which is not in accordance with the Stipulations of Fact."  We note, however, that the stipulations state appellant traveled "approximately" 2000 feet, it took appellant 31 seconds to travel "the entire distance," and "26 seconds expired from the time [appellant's] vehicle left the intersection * * * until he applied his brakes and then his turn signal in preparation for the turn into his driveway."  The trial court's findings, therefore, do not contradict the stipulations.

{¶24} Appellant also challenges the trial court's ultimate conclusion that the trooper had reasonable suspicion based upon articulable facts justifying the stop of his vehicle.

{¶25} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies.  *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507 (1967).  An investigative stop, or *Terry* stop, is a common exception to the Fourth Amendment warrant requirement.  *Terry v. Ohio*, 391 U.S. 1, 88 S.Ct. 1503 (1968).  Because the "balance between the public interest and the individual's right to personal security" tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity "may be afoot."  *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574 (1975); *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581 (1989).  In *Terry*, the Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion based upon specific and articulable facts that

criminal behavior has occurred or is imminent.  See, *State v. Chatton*, 11 Ohio St.3d 59, 61, 463 N.E.2d 1237 (1984).

{¶26} The propriety of an investigative stop must be viewed in light of the totality of the circumstances surrounding the stop "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold."  *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991); *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988).  The Supreme Court of the United States has re-emphasized the importance of reviewing the totality of the circumstances in making a reasonable suspicion determination:

When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing.  This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person."  Although an officer's reliance on a mere "hunch" is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.  *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct.744, 151 L.Ed.2d 740 (2002), citing *United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

{¶27} In the present case, appellant essentially challenges the credibility of the stipulations regarding the trooper's observations of appellant's speeding violation

which established reasonable suspicion for the stop. Appellant concedes a driver may be stopped for speeding, but challenges the "pacing" method used to determine his speed. "* * * [M]any Ohio courts have found that pacing a car is an acceptable manner for determining speed. More specifically, it has been held that: 'A police officer's visual perception that a motor vehicle was speeding, coupled with years of experience, constitutes specific and articulable facts which provide the police officer with reasonable grounds to make an investigatory stop.'" *State v. Horn*, 7th Dist. No. 04 BE 31, 2005-Ohio-2930, ¶ 19, citations omitted.

{¶28} Appellant challenges the trooper's conclusions presented in the stipulations, but in ruling upon appellant's suppression motion "[a]s the trier of fact, the trial court was free to note the inconsistencies in the evidence and weigh the facts accordingly." *State v. Mason-Cowan*, 10th Dist. No. 11AP-261, 2012-Ohio-1074, ¶ 15. Appellant's speed was stated in terms of approximation. An officer need not always testify as to the precise speed of the defendant's vehicle to support a traffic stop. See, id. Moreover, the trial court's conclusion that appellant traveled away from the trooper at a speed greater than 45 m.p.h. is reasonable when the trooper was traveling at 45 m.p.h. himself and he was outpaced, literally, by appellant's vehicle.

{¶29} Based upon the record before us, we find the stipulations establish the officer did have specific and articulable facts creating a reasonable suspicion. Accordingly, we overruled appellant's second assignment of error.

{¶30} Having overruled both of appellant's assignments of error for the foregoing reasons, we herby affirm the judgment of the Canton Municipal Court.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

PAD:kgb

[Cite as *State v. Hammen*, 2012-Ohio-3628.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RONALD P. HAMMEN | : | |
| | : | |
| | : | Case No. 2012CA00009 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Canton Municipal Court is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER